Opinion issued February 19, 2004














In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01176-CR
NO. 01-02-01177-CR




ADRIAN ASHLEY WHEATFALL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause Nos. 894045 & No. 894044




MEMORANDUM OPINION

          A jury found appellant, Adrian Ashley Wheatfall, guilty of assault on a peace
officer as charged in two separate cause numbers, enhanced with two prior felony
convictions for delivery of a controlled substance, and assessed punishment at 25
years’ confinement in each cause. Appellant now complains that the trial court erred
in allowing “extensive testimony” regarding a prior jury’s punishment verdict. We
affirm.
BACKGROUND
          On November 14, 2001, at the end of a one-day trial, a jury found appellant
guilty of possession of cocaine, weighing more than one gram and less than four
grams. After finding true the allegations in two enhancement paragraphs that
appellant had two prior felony convictions, the jury assessed punishment at 40 years’
confinement. See Wheatfall v. State, No. 01-01-01169-CR, 2002 WL 31429816 (Tex.
App.—Houston [1st Dist.] Oct. 31, 2002, pet. ref’d) (not designated for publication)
(affirming the trial court judgment). When the guilty verdict was read, appellant
forcibly slammed his fists on the table, shook his head, and “looked very, very angry
about the decision of the jury.”


 
          After the guilty verdict, Harris County Sheriff’s Deputies Mike Garcia and
G.W. Wilkins, escorted appellant back to the hold-over cell. As they passed by the
jury room, appellant stopped, pointed to the jury room, and began cursing. Deputy
Garcia testified that appellant said, “Them mother-fxxxxxx took my life away. Fxxx
them mother-fxxxxxx. Y’all are going to have to kill me. Y’all are going to have to
shoot me before this trial is over.”
          Later, when appellant’s 40-year sentence was read, appellant slammed his
hands on the table and refused to sit down when asked to do so by the judge. When
the judge informed appellant that she would hold him in contempt, he indicated that
“it doesn’t matter, what else can you do to me?” Assistant District Attorney Gilbert
Alvarado testified that appellant yelled, “40 years, 40 years, I will be 80. You might
as well just shoot me.” At some point, appellant turned to the arresting officers and,
in a loud, aggressive manner, said, “You took my life, man, you took my life.” 
          As Deputies Wilkins and Garcia tried to fingerprint appellant, he refused to
cooperate and continued to curse at the arresting officers. Subsequently, appellant
aggressively mashed his thumb down on the ink pad and then the paper, then turned
and yelled, “Y’all are going to have to shoot me; y’all are going to have to kill me.”
Appellant then kicked a chair directly into Deputy Garcia. 
          After appellant kicked the chair, he ran to the clerk’s workstation, got into a
“boxing stance” and said, “Come on mother-fxxxxxx . . . [I’m not taking] 40 years for
nothing.” The situation rapidly deteriorated. Deputies Wilkins and Garcia, along
with the two arresting officers, attempted to restrain appellant as he yelled and
screamed, punched, and kicked, “wildly . . . [and] out of control.” Eventually, the
officers were able to restrain appellant. 
          In the aftermath, the courtroom was in shambles—chairs knocked over, papers
strewn about, and the court reporter’s machine broken. Deputy Wilkins’ nose was
bleeding, and Deputy Garcia suffered a black eye, believed his nose was broken, and
also fractured his wrist in two places. One of the arresting officers had blood on his
neck that looked, according to Deputy Garcia’s testimony, like appellant had used his
long, pointed fingernails to cut him. 
          Appellant was charged in cause numbers 894044, 894045, and 894046 with
assault on a peace officer for assaulting the three peace officers. All three causes
arising out of the incident described above were tried together before a single jury. 
          Before the trial, appellant filed a motion in limine, asking the trial court to
instruct the State to approach the bench for a ruling before offering evidence
regarding any type of extraneous bad acts, conduct, or convictions of appellant,
specifically including any reference to the fact that appellant was found guilty and
sentenced to 40 years’ confinement on November 14, 2001. At the beginning of trial,
the pertinent proffer and objections at the bench were made,


 and, after some
discussion, the trial court overruled appellant’s objection, stating that “it is more
probative than prejudicial.” The trial court did, however, allow appellant a running
objection through all witnesses. 
                                              At the conclusion of the trial, the jury found appellant guilty of assault on a
peace officer as charged with regard to Deputies Garcia


 and Wilkins,


 but
deadlocked with regard to the third charge.


 Appellant pleaded “not true” to each
enhancement allegation, and, in each case, the jury, after finding the enhancement
allegations to be true, assessed punishment at 25 years’ confinement. The trial court
sentenced appellant to 25 years’ confinement in each case, to be served concurrently. 

DISCUSSION
          Appellant now complains that the trial court erred in allowing “extensive
testimony” regarding the prior jury’s punishment verdict. Specifically, appellant
argues that evidence that the jury in the earlier trial assessed appellant’s punishment
at 40 years’ confinement was inadmissible under Texas Rule of Evidence 403,
because it was unduly prejudicial. 
          We review a trial court’s ruling on the admissibility of evidence utilizing an
abuse-of-discretion standard of review. Weatherred v. State, 15 S.W.3d 540, 542
(Tex. Crim. App. 2000). We will uphold the trial court’s ruling if it was within the
zone of reasonable disagreement. Id. (citing Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1990)). The “zone of reasonable disagreement” is that area of
thought and decision-making in which reasonable individuals may disagree whether,
in common experience, a particular inference is available from the evidence. See
Burks v. State, 876 S.W.2d 877, 909 (Tex. Crim. App. 1994).
          Here, the trial court, over appellant’s objections, admitted evidence in the form
of witness testimony regarding appellant’s prior conviction and 40-year sentence.


 
At trial, appellant objected to the admission of evidence of his 40-year sentence under
both Tex. R. Evid. 403 and 404(b). Now, however, appellant asserts that rule 404(b)
does not apply, alleging that the fact of appellant’s 40-year sentence was not a crime,
wrong, or act of appellant. In essence, appellant is arguing that his 40-year sentence
is not an extraneous offense, and, consequently, that evidence concerning the length
of his sentence is not admissible under any rule 404(b) exception. 
          It is true that appellant’s 40-year sentence was not a crime, wrong, or act
committed by appellant and we hold that rule 404(b) is inapplicable. However, the
40-year sentence was relevant as to appellant’s motive for assaulting the deputies. 
See Tex. R. Evid. 401. By appellant’s own admissions, the 40-year sentence led to
his assault of Deputies Garcia and Wilkins. 
          Here, appellant contends that evidence regarding his 40-year sentence should
have been excluded under rule 403, because its probative value was outweighed by
unfair prejudice. Rule 403 provides: 
Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of
the issues, or misleading the jury, or by considerations of undue delay,
or needless presentation of cumulative evidence. 

Tex. R. Evid. 403.

The fact that appellant was sentenced to confinement for 40 years served, by his own
admissions, as the catalyst for his attacks on Deputies Garcia and Wilkins. Appellant
stated “40 years, 40 years, I will be 80. You might as well just shoot me. . . . Come
on mother-fxxxxxx . . . [I’m not taking] 40 years for nothing.” Because the 40-year
sentence was the primary reason that appellant assaulted Deputies Garcia and
Wilkins, we hold that the trial court did not err in ruling that the evidence was “more
probative than prejudicial.” 
CONCLUSION
          We overrule appellant’s sole point of error. We affirm the judgments of the
trial court.
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Higley.
Do not publish. Tex. R. App. P. 47.2(b).